UN-SEALED PER *Arrest*

> Sealed
> Public and unofficial staff access
> to this instrument are
> prohibited by court order.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

United States District Court
Southern District of Texas
FILED

JUN 0 8 2009

Michael N. Milby, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| vs. | § § | CR. NO. H-09- |
| EHAB ASHOOR | § § | H 09 307 |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### Introduction

At all times material to this Indictment:

1. The United States Patent and Trademark Office ("USPTO") was an agency of the United States that, among other functions, examined and registered trademarks. A trademark is a word, name, symbol or device that is intended to distinguish one producer's goods from those of other producers and to indicate the source of the goods so that consumers are not confused about the source of the goods.

2. Cisco Systems, Inc. ("Cisco") was a company that manufactured and sold computer hardware, software and services, with an emphasis on hardware such as "network cards" that allow computers to communicate with other computers.

3. Cisco had one or more trademarks registered with the USPTO.

4. Cisco sold products to its customers directly as well as indirectly through its "Registered Partner Program," under which approved and authorized entities could re-sell Cisco products that had either been obtained directly from Cisco or from one of Cisco's Authorized Distributors. A Registered Partner's procurement of Cisco products outside of Cisco's authorized distribution channel could result in its expulsion from the Registered Partner Program.

5. Defendant **EHAB ASHOOR** was an owner and operator of CDS Federal, Inc., d/b/a Corporate Data Systems ("CDS"), a Houston, Texas based entity that promoted itself as specializing in the provision of technology goods and services to the federal government. Prior to his work with CDS, **ASHOOR** was employed by a similar technology entity in Houston, Texas that had been excluded in 2004 from Cisco's Registered Partner Program for improperly procuring Cisco products outside of the proper distribution channels.

6. The United States Marine Corps ("Marines") had personnel stationed in the country of Iraq who utilized Cisco brand computer network cards called Gigabit Interface Converters ("GBICs") to facilitate communication within the Marines' computer network operations in Iraq and elsewhere.

7. One of the ways in which the Marines procured products for their operations in Iraq was through the Department of Defense's Joint Contract Command ("JCC"), wherein requests for materials are submitted to the JCC which in turn solicits contract bids from persons or entities seeking to fulfill the request.

8. In soliciting bids for computer network cards such as GBICs, the JCC set forth the following requirements:

> These items must be genuine Cisco products not an imitation brand that claims the same specifications. We have experience with substitute brands that do not deliver the required performance and cause signal attenuations and degrade beyond use before the required distance. Not only is this a quality issue it is a possible security issue.

## COUNT ONE
### (Trafficking in Counterfeit Goods - 18 U.S.C. §2320(a))

9.  On or about July 21, 2008, in the Houston Division of the Southern District of Texas and elsewhere, defendant

**EHAB ASHOOR,**

aided and abetted by others known and unknown to the Grand Jury, did intentionally traffic and attempt to traffic goods, that is approximately 100 GLC-LH-SM type GBICs and 100 WS-G5486 type GBICs, knowingly using counterfeit Cisco marks on and in connection with such goods, including their labels and packaging, which counterfeit marks were identical with and substantially indistinguishable from genuine marks in use and registered for those goods on the principal register of the United States Patent and Trademark Office, and the use of such marks was likely to cause confusion, to cause mistake, and to deceive.

In violation of Title 18, United States Code, Sections 2320(a) and 2.

## Notice of Criminal Forfeiture

Pursuant to Title 18, United States Code, Section 2320(b), the United States gives notice that defendant,

### EHAB ASHOOR

shall forfeit all property, real or personal, that was used or intended to be used to commit, to facilitate, or to promote a of violation of Title 18, United States Code, Section 2320(a), or that constitutes or is derived from proceeds traceable to a violation of Title 18, United States Code, Section 2320(a).

## Substitute Assets

In the event that the property subject to forfeiture as a result of any act or omission of the defendants:

a. cannot be located upon exercise of due diligence;

b. has been placed beyond the jurisdiction of the Court;

c. has been transferred or sold to, or deposited with a third party;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendant up to the value of such property pursuant to Title 21, United States Code,

Section 853(p) incorporated by reference in Title 28, United States Code, Section 2461(c).

A TRUE BILL:

ORIGINAL SIGNATURE ON FILE

FOREPERSON OF THE GRAND JURY

TIM JOHNSON
United States Attorney

BY: _____
Jason Varnado
Assistant United States Attorney