UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| V. | § | CASE NO. 4:09-cr-00307-1 |
| EHAB ASHOOR | § | |

**MOTION TO PRODUCE CO-CONSPIRATOR'S STATEMENTS
WITH MEMORANDUM IN SUPPORT**

TO THE HONORABLE JUDGE DAVID HITTNER UNITED STATES DISTRICT JUDGE, FOR THE SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION:

COMES NOW, Ehab Ashoor, Defendant in the above and entitled cause by and through his Attorney of Record, Douglas C. McNabb, and respectfully requests this Honorable Court to issue an order pursuant to Federal Rule of Criminal Procedure 16(a)(1)(A), ordering the government to provide the defense with notice of all statements of any alleged co-conspirators which the government intends to offer against Defendant.

## MEMORANDUM

### FACTS

Defendant, Ehab Ashoor, is charged in a one (1) count Indictment. Count one charges Mr. Ashoor with trafficking in counterfeit goods in violation of 18 U.S.C § 2320(a) and 2.

Under Rule 801(d)(2)(E), Federal Rules of Evidence, a statement or act is not hearsay if the statement is offered against a party and is "a statement by a coconspirator of a party during the course and in furtherance of the conspiracy." Prior to the introduction of such statements and acts against the Defendant, the Court must find that:

(1) the declarer is unavailable. United States v. Fielding, 630 F.2d 654 (9th Cir. 1980); United States v. Fleischman, 684 F.2d 1329 at 1339 (9th Cir. 1982) ("This Court has rejected the notion that 'mere satisfaction of requirements for the co-conspiracy exception automatically meets all possible Confrontation Clause infirmities'.");

  (2) the statements must have some indicia of reliability.  United States v. Perez, 658 F.2d 654 (9th Cir. 1981).  That is, (a) whether the context of the statements and the person to whom they were made suggest that they were reliable; (b) whether the declarer had a motive for lying or problems with his or her memory, perception or expression; (c) whether the declarer had personal knowledge of the identity and role of the participants in the crime.  Connecticut v. Vessichio, 500 A.2d 1311 at 1321 (1985); See United States v. Roberts, 583 F.2d 1173 at 1176 (10th Cir. 1978);

  (3) the statement must be in furtherance of the conspiracy and made during its pendency.  United States v. Cruz, 536 F.2d 1264 at 1267 (9th Cir. 1976).  That is, the statements must be consistent with the presumption that the co-conspirator would have authorized them.  United States v. Santiago, 798 F.2d 246 (7th Cir. 1986); and

  (4) the conspiracy must be shown to exist and the declarer and party against whom the statement is used must both be members of the conspiracy, as evidenced by proof from a source apart from the statements themselves.  United States v. Weaver, 594 F.2d 1272 (9th Cir. 1979).

  Rule 16(a)(1)(A), Federal Rules of Criminal Procedure ("F.R.Cr.P.") requires that the government disclose any relevant written or recorded statements which the government intends to offer into evidence.  This discovery mandate includes a Defendant's statements secretly recorded by the government.  United States v. Bryant, 430 F.2d 642 (D.C. Cir. 1971).  Additionally, Rule 16(a)(1)(A) requires the government to disclose the substance of any oral statements if made in response to questioning by persons known to be government agents.  United States v. Hoffman, 794 F.2d 1429 (9th Cir. 1988).  The substance of any oral statement must arguably rise to the level of criminal intent, United States v. Ible, 630 F.2d 389 (5th Cir. 1980); or knowledge.  United States v. Mitchell, 613 F.2d 779 (10th Cir.), cert. denied, 445 U.S. 919 (1980).

  Any co-conspirator statements which the government intends to introduce at trial must be produced pretrial for purposes of determining admissibility of statements against the Defendant,

since such statements will be attributed to the Defendant under Rule 801(d)(2)(E) of the Federal Rules of Evidence. United States v. Thevis, 84 F.R.D. 47 at 55-56 (N.D. Ga. 1979). These statements may be outside the scope of the alleged conspiracy or may be so unduly prejudicial as to overcome their probative value. Bruton v. United States, 391 U.S. 123 (1968).

Under Rule 801(d)(2)(E), Federal Rules of Evidence, each co-conspirator is considered the agent of the other and the statements of each co-conspirator which are made in furtherance of the conspiracy and during the pendency of the conspiracy are attributable to the other co-conspirators. If the statements are admissible because they are treated as statements of or adopted by the Defendant, such statements should be discoverable as Defendant's own pursuant to F.R.Cr.P. Rule 16(a)(1)(A). The Courts that have reviewed this issue have agreed that Defendant is entitled to statements made by co-defendants who are not government witnesses. United States v. McMillen, 489 F.2d 229, 231 (7th Cir. 1972).

The Court in United States v. Fine, 413 F. Supp. 740, 742, 743 (W.D. Wisc. 1976) following the rationale in United States v. McMillen, supra, stated:

> Under Rule 801(d)(2)(E), Federal Rules of Evidence, the statement of a co-conspirator of a party, made during the course and in furtherance of a conspiracy, and offered against that party, is not inadmissible as hearsay. Therefore, the defendant contends, statements of alleged co-conspirators, for all practical purposes, become the statements of the defendant himself and should be discoverable by the defendant as though they were his own statements. See Rule 16(a)(1)(A), Federal Rules of Criminal Procedure. This view of the relationship between Rules 801(d)(2)(E) and 16(a)(1)(A) was rejected in United States v. Percevault, 490 F.2d 126 (2nd Cir. 1974).
>
> However, in turning down the defendant's analysis the Court in Percevault applied reasoning which is applicable only to co-defendants or co-conspirators who are prospective government witnesses at trial. This reasoning is similar to that in United States v. McMillen, 489 F.2d 229, 231 (7th Cir. 1976), which states:
>
> 'The [Jencks] Act limits the prohibition to government witnesses or prospective government witnesses . . . . We agree with respondent that defendants are entitled to the statements of any other co-defendants.

'Accordingly, the defendant's motion for the production of statements of alleged co-conspirators, other than those who are prospective government witnesses, will be granted.'

A pretrial hearing must be held outside the presence of the jury to determine whether the government can make a sufficient showing that a conspiracy exists and that the statements to be introduced are admissible under the co-conspirator hearsay exception.  Rule 104, Federal Rules of Evidence; United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 971 (1979).

WHEREFORE, PREMISES CONSIDERED, the Defendant, Ehab Ashoor, respectfully moves this Honorable Court pursuant to the Federal Rule of Criminal Procedure 16(a)(1)(A), to order the government to provide the defense with notice of all statements of any alleged co-conspirators which the government intends to offer against Defendant.

Respectfully submitted,
McNabb Associates, P.C.


/s/ Douglas C. McNabb
Douglas C. McNabb
Two Allen Center
1200 Smith Street, Suite 1600
Houston, TX 77002
(713) 237-0011
(713) 583-1516 FAX
mcnabb@mcnabbassociates.com

Attorney for Defendant,
Ehab Ashoor

## CERTIFICATE OF SERVICE

I, Douglas C. McNabb, that on this the 11th day of September 2009, a copy of this Motion to Produce Co-Conspirator's Statements with Memorandum in Support was filed electronically.

/s/ Douglas C. McNabb
Douglas C. McNabb
Attorney for Defendant,
Ehab Ashoor